Turlev, J.
delivered the opinion of the court.
Thomas Hamilton administered upon the estate of Robert Murray, at the December term, 1838, of the county court of Carroll; he proceeded thereupon to administer the estate, and has, as appears from an account taken in the chancery court, paid out rather more in amount than the assets which have come to his hands. In the years 1840, 1841, 1842, 1844, there were divers judgments in favor of the defendants rendered against him as such administrator, in the circuit court of the county of Carroll, without the defence of plene administravit having been pleaded by him; and he has become apprehensive that he will be made liable de bonis propriis for their payment; to avoid which, he, on the 20th day of February, filed his bill, suggesting the insolvency of the estate, and asking that the defendants be enjoined from further proceedings against him at law upon these judgments, and that the estate be settled under the provisions of the acts made *558 for the purpose of settling and distributing insolvent estates. The defendants object to this, and insist that the administrator comes too late with his bill for this purpose, and that it should be dismissed.
It will be seen that something more than six years elapsed from the date of the administration to the time of filing this bill; that, in the mean time, the administrator, without regard to the rights of the creditors, (provided the estate were insolvent.) proceeded to administer the effects thereof; permitted all these suits to be prosecuted against him to judgment, without defence, at different periods of time ranging from January, 1840, to March, 1844; and that he never thought proper to take any steps in relation thereto, with the view of securing to these creditors their just portion of the insolvent estate, until he was quickened thereto by the operation on the part of a portion of these judgment creditors, and an apprehended assertion on the part of the others, of their only remaining right as against him and the estate, viz, the right to charge him with the payment of their judgments as administrator' de bonis pr opr vis, when he files this bill, at a period when he had paid out more than the whole effects of the estate, when there was nothing left to administer, and of course no pro rata division to be made, by which the defendants could be in any wise benefitted; and all this is done without any explanatory reason for this great and unwarrantable delay on his part in suggesting the insolvency of the estate.
It is the duty of the administrator to understand the position of the estate in regard to its solvency in a reasonable time; six months are allowed him by law to ascertain its liabilities and to mashal its assets, before suit can be brought against him; he is protected by the *559 statute of limitation of two years against all claims due in tbe State and not sued upon in that time, and by the statute of three years upon claims out of the State; so that it would seem impossible, except in very extraordinary cases, without the greatest neglect of duty on his part, that he should not be informed, within the period of three years at least from the date of his administration, whether the estate of his intestate was solvent or not. But here the administrator permits six years to elapse, a period of three years beyond the time at which he could be sued upon claims against the estate, except in cases where there were debts not due and upon which the statutes could not therefore run. But there is no pretence whatever that such was the case here, or, in fact, that there was any reason why the administrator did not assert the insolvency of the estate in proper time, except the most unpardonable, neglect on his part in attending to and understanding its situation. Indeed, we are not at all prepared to say that he did not know at a much earlier period of the insolvency of the estate, and suppose that the neglect to suggest the fact and file a bill for its settlement at an earlier and proper period, must have been the result of negligence, inattention,- and the want of proper business qualifications for the office.
It will never do to hold that an administrator or executor may, with the full knowledge of the insolvency of the estate, or with the existence of facts which would communicate to him such knowledge, upon a proper exercise of vigilance and attention in relation thereto, continue to pay debts regardless of such insolvency, permit judgments to be rendered against him, without the defence of plene administravit, and afterwards protect him *560 self against personal responsibility thereon, by suggesting the insolvency of the estate, and staying the further proceedings at law by injunction; it would be grossly unjust to the suing creditor, who had no other means of protecting their rights.
The decree of the chancellor will therefore be affirmed, and the bill dismissed.